UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

O

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1585-CAS (OPx) | Date | October 24, 2012 |
|---|---|---|---|
| Title | JESSICA GARZA, ET AL. V. ENDO PHARMACEUTICALS, ET AL. | | |

Present: The Honorable    CHRISTINA A. SNYDER

| Catherine Jeang | Not Present | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:          Attorneys Present for Defendants

Not present                                 Not present

**Proceedings:**    **(In Chambers:) DEFENDANT GARFIELD BEACH CVS'S MOTION TO DISMISS PLAINTIFFS' COMPLAINT** (filed September 24, 2012)

## I.    INTRODUCTION & BACKGROUND

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of October 29, 2012 is vacated, and the matter is hereby taken under submission.

On August 20, 2012, plaintiffs Jessica and David Garza initiated their suit against Endo Pharmaceuticals, Qualitest Pharmaceuticals, CVS Caremark, and Does 1–20 in the Superior Court of California, County of San Bernadino. Dkt. No. 1.[1] Plaintiffs bring four claims for relief: (1) products liability; (2) breach of warranty; (3) negligence; and (4) loss of consortium. Compl. Plaintiffs principally allege that defendants mislabeled or incorrectly packaged plaintiff Jessica Garza's birth control pills, which led to an unexpected pregnancy and birth of their child. Id. On September 18, 2012, defendants removed to this Court on the basis of diversity jurisdiction. Dkt. No. 1.[2]

---

[1] Defendant Garfield Beach CVS, LLC ("CVS") is erroneously named as "CVS Caremark."

[2] Neither party has challenged this Court's jurisdiction here, but the Court notes that an LLC has the residency of every one of its members or owners. See Johnson v. Columbia Properties Anchorage, LP, 437 F.3d 894, 899 (9th Cir. 2006). Because the sole member of Garfield Beach CVS, LLC is CVS Pharmacy, Inc., a Delaware corporation with its principal place of business in Rhode Island, the requirement of diversity of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1585-CAS (OPx) | Date | October 24, 2012 |
|---|---|---|---|
| Title | JESSICA GARZA, ET AL. V. ENDO PHARMACEUTICALS, ET AL. | | |

Plaintiff alleges facts as follows.  Between September 2010 and August 2011, plaintiff purchased birth control pills known as Tri-Previfem at defendant Garfield Beach CVS.  Compl. ¶ 3.  These pills were manufactured and packaged by defendants Endo Pharmaceuticals and Qualitest Pharmaceuticals.  Id.  Each time she obtained the pills, plaintiff received a package with a four-week supply of pills, one-quarter of which were placebos.  Id. ¶ 4.  However, at some point, the pills were purportedly packaged in the wrong order, such that plaintiff took the placebos at a time when conception could occur. Id.  In September 2011, plaintiff discovered that she was pregnant with her fourth child. Id. ¶ 6.  She gave birth on March 9, 2012.  Id.  She then filed the instant suit.

On September 24, 2012, defendant CVS filed a motion to dismiss plaintiff's complaint.  Dkt. No. 5.  Plaintiff opposed the motion on October 11, 2012.  Dkt. No. 11. Defendant responded on the same date.  Dkt. No. 10.  Defendant's motion is presently before the Court.

## II.    LEGAL STANDARD

### A.    Federal Rule of Civil Procedure 12(b)(6)

A Rule 12(b)(6) motion tests the legal sufficiency of the claims asserted in a complaint.  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  "[F]actual allegations must be enough to raise a right to relief above the speculative level."  Id.

In considering a motion pursuant to Rule 12(b)(6), a court must accept as true all material allegations in the complaint, as well as all reasonable inferences to be drawn from them.  Pareto v. F.D.I.C., 139 F.3d 696, 699 (9th Cir. 1998).  The complaint must be read in the light most favorable to the nonmoving party.  Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001); Parks Sch. of Bus., Inc. v. Symington, 51

---

citizenship is met here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                        0

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1585-CAS (OPx) | Date | October 24, 2012 |
|---|---|---|---|
| Title | JESSICA GARZA, ET AL. V. ENDO PHARMACEUTICALS, ET AL. | | |

F.3d 1480, 1484 (9th Cir. 1995).  However, "[i]n keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 129 S.Ct. 1937, 1950 (2009); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009) ("[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief.") (citing Twombly and Iqbal); Sprewell, 266 F.3d at 988; W. Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).  Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 129 S.Ct. at 1950.

Furthermore, unless a court converts a Rule 12(b)(6) motion into a motion for summary judgment, a court cannot consider material outside of the complaint (e.g., facts presented in briefs, affidavits, or discovery materials).  In re American Cont'l Corp./Lincoln Sav. & Loan Sec. Litig., 102 F.3d 1524, 1537 (9th Cir. 1996), rev'd on other grounds sub nom Lexecon, Inc. v. Milberg Weiss Bershad Hynes & Lerach, 523 U.S. 26 (1998). A court may, however, consider exhibits submitted with or alleged in the complaint and matters that may be judicially noticed pursuant to Federal Rule of Evidence 201.  In re Silicon Graphics Inc. Sec. Litig., 183 F.3d 970, 986 (9th Cir. 1999); Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001).

For all of these reasons, it is only under extraordinary circumstances that dismissal is proper under Rule 12(b)(6).  United States v. City of Redwood City, 640 F.2d 963, 966 (9th Cir. 1981).

## III.   ANALYSIS

Plaintiffs' first claim for strict products liability cannot withstand defendant's motion to dismiss.  Under the authority of Murphy v. Squibb, 40 Cal. 3d 672 (1985), strict liability for defective pharmaceutical products does not extend to the pharmacies that dispense drugs to patients.  Because pharmacies are primarily in the business of providing a service to patients, rather than being merely a retailer of drugs, the California Supreme Court found that the doctrine of strict products liability should not apply.  Id. at

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA                    0

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1585-CAS (OPx) | Date | October 24, 2012 |
|---|---|---|---|
| Title | JESSICA GARZA, ET AL. V. ENDO PHARMACEUTICALS, ET AL. | | |

679–80.  Plaintiffs attempt to distinguish Murphy by arguing that the decision did not contemplate a case where the pharmacist "mislabeled" the drug in question, id. at 676, but plaintiffs' argument is unavailing.  The clear import of Murphy, in accordance with other jurisdictions to consider the issue, is that pharmacies are not properly named in a strict liability products action related to defective drugs—which would include the alleged mispackaging by defendants here.  Accordingly, the Court grants defendant's motion to dismiss plaintiffs' claim of strict liability.

In addition, plaintiffs' breach of warranty claim against CVS is also unavailing. Because under California law pharmacies primarily provide a service, not a product, a breach of warranty claim does not lie.  See Hector v. Cedars-Sinai Med. Ctr., 180 Cal. App. 3d 493, 508 n. 3 (1986) (no breach of warranty claim where strict products liability claim is also unavailable against a hospital).  Plaintiffs' attempt to distinguish the reasoning of Murphy fails here as well, for it applies in full force to claims of implied breach of warranty.  See In re Rezulin Products Liab. Litig., 133 F. Supp. 2d 272, 292 n. 75 (S.D.N.Y. 2001) (collecting cases finding no breach of warranty liability for pharmacies).

Plaintiffs could potentially state a claim against defendant CVS for negligence, although plaintiffs have failed to do so here.  Plaintiffs allegations are that: (1) plaintiff Jessica Garza purchased defectively packaged Tri-Previfem from defendant CVS; and (2) defendants Endo Pharmaceuticals and Qualitest pharmaceuticals are the ones who packaged the pills.  Compl. ¶¶ 3–4.  Nowhere does plaintiff allege any sort of negligent act, or even a potential negligent act, on the part of defendant CVS.  To survive a motion to dismiss brought by CVS, plaintiffs must at least allege some facts demonstrating how CVS was allegedly involved in the purported mispackaging or mislabeling of plaintiff Jessica Garza's birth control medication.  Plaintiffs present a number of potential theories by which CVS may have acted negligently in their opposition, Opp'n at 2–3, but arguments in an opposition are not factual allegations that this Court may consider on a motion to dismiss plaintiffs' *complaint*.  Accordingly, the Court grants defendant's motion to dismiss plaintiffs' negligence claim.[3]

---

[3] Plaintiffs' claim for loss of consortium is derivative of their other claims.  See Tucker v. CBS Radio Stations, Inc., 194 Cal. App. 4th 1246, 1256 (2011).  As such, the Court also grants defendant's motion to dismiss this claim without prejudice.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

0

**CIVIL MINUTES - GENERAL**

| Case No. | CV 12-1585-CAS (OPx) | Date | October 24, 2012 |
|---|---|---|---|
| Title | JESSICA GARZA, ET AL. V. ENDO PHARMACEUTICALS, ET AL. | | |

## IV.   CONCLUSION

In accordance with the foregoing, the Court hereby GRANTS defendant Garfield Beach CVS's motion to dismiss without prejudice.  Plaintiffs shall have **twenty days (20)** from the date of this order to file an amended complaint addressing the deficiencies identified herein.  Failure to do so may result in the dismissal of CVS from this action with prejudice.

IT IS SO ORDERED.

| | 00 | : | 00 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |